# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GREGORY MAVERICK HILTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> ) | Case No. CV415-274 |

## REPORT AND RECOMMENDATION

Having "come to the conclusion that it is in [his] best interest to not do anything to prolong a final decision in [his social security appeal] case," *pro se* plaintiff Gregory Hilton, instead of submitting a brief pursuant to this Court's recent Order (doc. 5), "rest[s his] case." Doc. 6.[1] This case therefore should be **DISMISSED WITHOUT PREJUDICE** because of Hilton's failure to obey a Court order[2] and on abandonment

---

[1] For Hilton's edification, and should he refile this or any other case, letters are a disfavored medium for communicating with the Court. *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073 (S.D. Ga. 2000) (letters can get lost, while motions, briefs, etc., get filed); Fed. R. Civ. P. 7(b) (mandating that all requests for court orders be by motion).

[2] *See* L.R. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ.

grounds (he refuses to further litigate his case).³ *See* L.R. 41(b); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

---

P. 41(b) if the plaintiff fails to comply with court rules or a court order); *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir.1987) (district court has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice).

³ As this Court explained in another *pro* se case:

> For *pro se* litigants "the [reviewing c]ourt construes their filings liberally, in order to ascertain the nature of their objections to the administrative decision under review." *See Gable v. Commissioner of Social Sec.*, 2009 WL 3401296 at * 5 (M.D. Fla. Oct. 21, 2009). And for both *pro se* and represented claimants, "the court . . . must examine the record as a whole, to determine if the Commissioner's conclusions are both reasonable and supportable by substantial evidence." (citation omitted). But of course, that contemplates an examination spurred by a party before the court claiming error, pointing to it, and arguing why the ALJ failed to apply established law to the evidence adduced. If no cognizable error is shown, or even argued, then the court must affirm the result. It is . . . "not the province of the court to raise issues on behalf of litigants before it." (citation omitted).

*Walton v. Astrue*, 2010 WL 519811 at * 2 n. 3 (S.D. Ga. Feb. 10, 2010) (quoted in Soc. Sec. Disab. Claims Handbook § 3:28 n. 5 (May 2015).

**SO REPORTED AND RECOMMENDED**, this 17th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA